UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CASE NO. 24-cr-20547

Hon. LAURIE J. MICHELSON
U.S. District Judge

D-1 DAJUAN FURMAN,

        Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Dajuan Furman is a 31-year-old man who participated in a conspiracy to distribute methamphetamine while in prison. This is his second felony drug conviction committed while in prison. He was originally placed in prison for a series of violent armed robberies committed when he was 15 years old. While in prison he has been officially sanctioned for 52 misconduct violations, including possession of a weapon, fighting, bribery of an employee, smuggling, substance abuse, assault and battery, gambling, destruction of property, unauthorized occupation of a cell, possession of stolen property, disobeying a direct order, and being out of place. In order to protect the public from further crimes of the defendant, the government recommends a consecutive sentence of 105 months, which is at the top of the applicable sentencing guideline range.

I. **Facts and Procedural History**

Dajuan Furman pleaded guilty to Count 1 of the Indictment for conspiring with others to possess with the intent to distribute and to distribute methamphetamine. The government was prepared to prove at trial the facts summarized in paragraphs 9-12 of the presentence report. This included telephone conversations of the defendant using coded language to direct co-defendant Boggon to receive a package of drugs and keep it until it could be retrieved by another person. A search warrant resulted in the seizure of the package, which contained 56 grams of methamphetamine, as well as marijuana wax.

The government was also prepared to prove that in a coded telephone call the defendant ordered Boggon to buy cellphones, another person was to obtain methamphetamine, and they were to place the items in a sealed tissue box. The purpose was for defendant Furman ultimately to receive it in prison. Boggan provided a sealed tissue box and the cellphones to the other person, and that person took the methamphetamine and cellphones in the tissue box and travelled toward to location where Furman was in prison, in the Western District of Michigan. The other person went to a hospital near the prison that was used for prisoner care, left the tissue box in a handicap bathroom stall, took a picture and sent the picture to Boggan. That package was not intercepted. Several weeks later, when the same prisoner was at the same hospital, a similar tissue box was seized from the same handicap

bathroom stall in the hospital and found to contain 85 grams of methamphetamine, marijuana wax and cellphones. All of these events took place within the time frame of the conspiracy alleged in Count One of the Indictment.

The defendant pleaded guilty to Count One of the Indictment, conspiracy to distribute and possess with intent to distribute a controlled substance (methamphetamine), without a Rule 11 plea agreement.

## II. The sentencing guidelines range

The Probation Department correctly calculated the defendant's guideline range as an offense level of 23 and a criminal history category of V, resulting in a range of 84 months to 105 months. PSR, ¶ 58. The government will be prepared to address the defendant's two objections to this calculation with argumentation at sentencing.

## III. The sentencing factors under 18 U.S.C. § 3553(a)

18 U.S.C. § 3553(a) provides the relevant objectives and factors to be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the

need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The relevant factors as applied to this case are addressed below.

The nature and circumstances of the offense are serious. Drug trafficking while already in prison for armed robbery and a felony drug offense is not only a serious offense, but also a strong indicator of the history and characteristics of the defendant. This defendant is not interested in changing his behavior or his life. While he may not be able to be deterred, general deterrence of others is of great importance in this case. This defendant must and should be incapacitated from committing additional crimes outside the prison system. The defendant refuses to obey the law within the confines of the penal system, with 52 adjudicated violations for misconduct in addition to his two felony drug offenses while in prison. It is extraordinarily unlikely he would follow the law if released to live among the residents of the Eastern District of Michigan. The hope for rehabilitation at this point in the defendant's life is vanishingly small. A sentence at the top of the guidelines will send a strong message of deterrence to others in the defendant's situation. And a consecutive sentence at the top of the guideline range will incapacitate the defendant from the crimes he would convict if released.

## CONCLUSION

The government recommends a consecutive sentence of imprisonment of 105 months.

          Respectfully submitted,

          JEROME F. GORGON, Jr.
          United States Attorney

          s/*Wayne F. Pratt*
          Assistant United States Attorney
          211 W. Fort Street, Suite 2001
          Detroit, MI  48226
          Phone:  (313) 226-9100
          E-Mail: Wayne.Pratt@usdoj.gov

Dated:  October 28, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, I electronically filed the Sentencing Memorandum for the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system which will send notification of such filing to the following via electronic mail to all counsel of record.

s/*Wayne F. Pratt*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone:  (313) 226-9100
E-Mail: Wayne.Pratt@usdoj.gov
